# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. BOEN, | Case No.: 1:11-cv-00898-SKO |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT AND CLOSING CASE** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## I.  INTRODUCTION

On February 15, 2012, the Court issued an order to show cause why the case should not be dismissed due to Plaintiff Alvin R. Boen's ("Plaintiff") failure to comply with the Court's scheduling order related to filing an opening brief. (Doc. 10.) Plaintiff did not respond to the order to show cause. For the reasons set forth below, Plaintiff's complaint is DISMISSED.

## II.  BACKGROUND

Plaintiff filed his complaint against the Commissioner of Social Security ("Defendant") on June 2, 2011.[1] (Doc. 1.) Plaintiff, proceeding in this action *in forma pauperis* and without counsel, is seeking reversal of the agency decision denying his application for social security benefits. (*See*

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge for all purposes. (Docs. 7,8.)

Doc. 1.) Pursuant to the scheduling order issued on June 3, 2011, Defendant served the Social Security Administrative Transcript on Plaintiff on October 5, 2011.

Following service of the Administrative Transcript and pursuant to the scheduling order, Plaintiff was required to serve on Defendant a confidential letter brief within 30 days from the date of service of the transcript –, i.e., on or before November 7, 2011.[2] In response to Plaintiff's confidential letter brief, Defendant was to serve on Plaintiff a confidential letter brief on or before December 15, 2011. The parties were to file a joint motion for remand within 15 days after Defendant served a confidential letter brief if the parties agreed to a remand. If the parties did **not** agree to a remand, Plaintiff was to **file** his opening brief with the Court within 30 days after Defendant served the confidential letter brief. Accordingly, the last day for Plaintiff to file an opening brief was January 17, 2012. The Plaintiff did not file an opening brief.

On February 15, 2012, the Court issued an order to show cause why Plaintiff's complaint should not be dismissed for failure to comply with the Court's scheduling order. (Doc. 10.) Alternatively, Plaintiff was to file an opening brief on or before February 24, 2012. (Doc. 10.) Defendant was ordered to file a status report on or before February 21, 2012, informing the Court whether the confidential letter briefs were served and the dates on which service was accomplished. (Doc. 10.)

On February 21, 2012, Defendant filed a status report indicating that Plaintiff had failed to serve a confidential brief, and thus Defendant had not served Plaintiff with a responsive confidential letter brief. (Doc. 11.) Since February 24, 2012, through the date of this order, Plaintiff has neither responded to the order to show cause nor filed an opening brief.

### III.   DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where

---

[2] All computation of dates incorporate Federal Rule of Civil Procedure 6(d) and 5(b)(2)(C).

appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53. "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* ("*In re PPA*"), 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Here, the Court finds that dismissal of Plaintiff's complaint is appropriate. In considering the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted). Given Plaintiff's failure to serve a confidential letter brief, failure to file an opening brief, and failure to respond to the Court's order to show cause, the first factor weighs in favor of dismissing the action.

The second factor, the court's need to manage its docket, also weighs in favor of dismissal. "The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case. The court's limited resources must be spent on cases in which the litigants are actually proceeding."

*Lopez v. Wash. Mut. Bank, F.A.,* No. 1:09-cv-1838-AWI-JLT, 2010 WL 2629039, at *1 (E.D. Cal. Jun. 25, 2010).

The third factor – the risk of prejudice to the defendant – also favors dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) ("This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."). Plaintiff has failed to offer any explanation for the delay in proceeding to prosecute this case. Under these circumstances, the Court finds that Plaintiff's delay is unreasonable, and a rebuttable presumption of injury to Defendant has arisen. *See id.*

The fourth factor of public policy favoring disposition on the merits normally weighs against dismissal. *Id*. at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA,* 460 F.3d at 1228 (citation omitted). As such, this factor has little weight in a case such as this where Plaintiff essentially appears to be unable or unwilling to proceed with the action. *See id.; Lopez*, 2010 WL 2629039, at *2.

Concerning the fifth factor, the availability of lesser sanctions, "[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *In re PPA*, 460 F.3d at 1228. The court must consider the "feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate," whether there were "alternative methods of sanctioning or curing the malfeasance before ordering dismissal," and whether "the court warn[ed] the plaintiff of the possibility of dismissal before actually ordering dismissal." *Id*. at 1229 (citations omitted). Here, Plaintiff was expressly warned that dismissal would result from his noncompliance with the Court's order. The Court's February 15, 2012, order to show cause why dismissal should not be ordered explicitly indicated that dismissal of the complaint was imminent. Moreover, the Court provided Plaintiff with additional time to file

4

1  an opening brief as an alternative method of satisfying the order to show cause. Plaintiff neither
2  responded to the order to show cause nor filed an opening brief.
3        Because Plaintiff is proceeding *in forma pauperis*, monetary sanctions are not a viable
4  alternative. Given that Plaintiff could not be motivated to respond to the order to show cause or file
5  an opening brief, the Court is left with no alternative method of securing Plaintiff's compliance and
6  advancing the case. This matter cannot languish on the docket in the face of Plaintiff's unwillingness
7  to proceed with a case that is his responsibility to prosecute.

## IV. CONCLUSION AND ORDER

9  For the reasons set forth above, IT IS HEREBY ORDERED that:
10    1.    Plaintiff's complaint is DISMISSED; and
11    2.    This matter is to be administratively closed.

13  IT IS SO ORDERED.
14  **Dated:   March 19, 2012**　　　　　　　　　/s/ Sheila K. Oberto
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE